**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nicholas Casavelli, et al., | No. CV-20-00497-PHX-JAT |
| Plaintiffs, | **ORDER** |
| v. | |
| Donna J Johanson, et al., | |
| Defendants. | |

Pending before the Court are the Motion for a Temporary Restraining Order filed by Plaintiffs Nicholas Casavelli and Nicolina Castelli (Doc. 51) and Plaintiffs' Motion to Strike (Doc. 49). The Court now rules.[1]

**I.   BACKGROUND**

Plaintiffs previously requested a temporary restraining order that was denied. (Doc. 13). Plaintiffs then filed the Amended Complaint (Doc. 14), which is the operative pleading for purposes of this temporary restraining order. (Doc. 51 (citing the Amended Complaint (Doc. 14)).[2] In essence, as the order denying the first request for a temporary restraining order recounted, (Doc. 13), Plaintiffs ask the Court to enjoin a pending

---

[1] The Court finds that a hearing is unnecessary for either of the pending motions (Doc. 51; Doc. 49) as the issues have been fully briefed and oral argument would not have aided the Court's decisional process. *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998); *Lake at Las Vegas Inv'rs Grp. v. Pac. Dev. Malibu Corp.*, 933 F.2d 724, 729 (9th Cir. 1991); *Prison Legal News v. Ryan*, No. CV-15-02245-PHX-ROS, 2019 WL 1099882, at *1 n.1 (D. Ariz. Mar. 8, 2019).

[2] Plaintiffs have since filed two motions to amend the Amended Complaint (Doc. 14). (Doc. 52; Doc. 54). Those motions are still pending.

Maricopa County Superior Court proceeding. (Doc. 51). Boiled down, Plaintiffs allege that Defendants conspired to defraud them of certain property and that—in the underlying state court proceeding—court officials, the parties, and counsel acted to deprive Plaintiffs of their constitutional rights. (Doc. 14; *see also* Doc. 13 at 2–3 (discussing the underlying factual background)).

## II.   LEGAL STANDARD

A request for a temporary restraining order ("TRO") under Federal Rule of Civil Procedure 65(b) is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008); *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). To show entitlement, a party must show "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter*, 555 U.S. at 20.[3] A TRO may issue, ex parte, if: "(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1).

## III.   ANALYSIS

Plaintiffs' Motion (Doc. 51) fails for two reasons. First, Plaintiffs did not establish entitlement to a TRO. Second, Plaintiffs failed to comply with Rule 65(b)(1).

Plaintiffs did not establish that they are entitled to a TRO. Plaintiff's Motion (Doc. 51) does not analyze any of the *Winter* factors, fails to make any argument as to Plaintiffs' likelihood of success on the merits, and makes conclusory allegations about why

---

[3] Where a party "can only show that there are 'serious questions going to the merits'—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the 'balance of hardships tips *sharply* in the [party]'s favor,' and the other two *Winter* factors are satisfied." *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th Cir. 2013) (quoting *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011)). Under the Ninth Circuit's "serious questions" test, "[t]he elements . . . must be balanced, so that a stronger showing of one element may offset a weaker showing of another." *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012).

their constitutional rights have been violated and vague claims that they will be prejudiced without issuance of a TRO. *See Greater Open Door Church of God in Christ v. Broadway Fed. Bank*, No. CV 12-8549 FMO (SHX), 2013 WL 12139115, at *1 (C.D. Cal. Feb. 6, 2013) (denying TRO under similar circumstances); *Przybylski v. Stumpf*, No. CV-10-8073-PCT-GMS, 2010 WL 2025393, at *1 (D. Ariz. May 19, 2010) (same). Temporary injunctive relief may not issue "unless the movant, *by a clear showing*, carries the burden of persuasion" of showing a likelihood of success on the merits. *See Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (citation omitted); *Przybylski*, 2010 WL 2025393, at *1. Because Plaintiffs failed to meet that burden, their request for a TRO will be denied.

Additionally, Plaintiffs filed the Motion (Doc. 51) ex parte but failed to "clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" and explain what efforts they made to give notice and why notice should not be required. *See* Fed. R. Civ. P. 65(b)(1); LRCiv 65.1 ("Ex parte restraining orders shall only issue in accordance with Rule 65, Federal Rules of Civil Procedure."); *see Davenport v. Rhodes*, No. CV 18-00249-TUC-RM, 2018 WL 9801143, at *8 (D. Ariz. Sept. 7, 2018) (collecting cases). In fact, Plaintiffs did not even discuss either requirement. (Doc. 51). Given that "our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute," Plaintiffs cannot prevail on their ex parte request for a TRO where they have articulated no justification for why injury is so immediate and irreparable that Defendants cannot be heard before issuance of the TRO. *See Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006) (quoting *Granny Goose Foods, Inc. v. Bhd. of Teamsters*, 415 U.S. 423, 438–39 (1974)). As such, Plaintiffs failed to meet their burden of showing they are entitled to an ex parte TRO.

In sum, Plaintiffs not only failed to show entitlement under *Winter* but they also did not abide by Rule 65(b)(1)'s requirements for an ex parte request. Consequently, the Court will deny the Motion (Doc. 51).

## IV. MOTION TO STRIKE

Plaintiffs have also filed a Motion to Strike (Doc. 49). The Plaintiffs ask the Court to strike the Motion to Dismiss filed by Defendants Donna J. Johanson; the Estate of Gary T. Johanson; Garpdon, L.L.C.; Johanson Family Revocable Trust (5/26/2006); Bryan L. Eastin; Margaret Eastin; and Provident Law, PLLC (collectively, "Trust Defendants") (Doc. 38). (Doc. 49).

District of Arizona Local Rule of Civil Procedure 7.2(m) governs motions to strike and provides:

> a motion to strike may be filed only if it is authorized by statute or rule, such as Federal Rules of Civil Procedure 12(f), 26(g)(2) or 37(b)(2)(A)(iii), or if it seeks to strike any part of a filing or submission on the ground that it is prohibited (or not authorized) by a statute, rule, or court order.

LRCiv 7.2(m)(1). Plaintiffs cite to Federal Rule of Civil Procedure 12(f). (Doc. 49 at 2). Under Rule 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).

Plaintiffs seek to strike a motion to dismiss, not a matter from any pleading. The plain language of Rule 12(f) only applies to pleadings, and thus not a motion to dismiss. *See Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885–86 (9th Cir. 1983); *Holyoak v. United States*, No. CV 08-8168-PHX-MHM, 2009 WL 1456742, at *1 (D. Ariz. May 21, 2009) (denying a Rule 12(f) motion to strike a motion to dismiss); *see also Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (noting "[t]he function of a 12(f) motion is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial" (citation omitted)). Consequently, Rule 12(f) does not provide a basis for the Court to strike the Motion to Dismiss (Doc. 38).

Plaintiffs also appear to cite to this Court's March 10, 2020 order dealing with motions to dismiss under Rule 12(b) and motions to strike under Rule 12(f) in support of their Motion to Strike. (Doc. 49 at 2–3). That order required that the parties meet and confer and certify that they did so before filing either type of motion. (Doc. 7 at 1). Plaintiffs seem

to suggest that the meet-and-confer requirement in the March 10, 2020 order was not met because Plaintiffs did not "confer[] with any other 'defendants' represented by [the Trust Defendants'] counsel" other than Defendant Bryan Eastin—who also serves as counsel for the Trust Defendants. (Doc. 49 at 2–3). Plaintiffs recount that what they and Bryan Eastin conferred about is Plaintiffs' ability to cure the asserted deficiencies in the Amended Complaint. (*Id.*). Plaintiffs' narrative rebuts their own argument. Plaintiffs and Defendant Bryan Eastin (who, again, serves as counsel for the Trust Defendants) conferred about the asserted deficiencies with the Amended Complaint (Doc. 14) before filing of the Trust Defendants' Motion to Dismiss (Doc. 38). That fact is confirmed by both Plaintiffs' Motion to Strike itself (Doc. 49), as noted above, and the certification in the Trust Defendants' Motion to Dismiss (Doc. 38). (Doc. 49 at 2–3 (stating that Plaintiffs conferred with Defendant Bryan Eastin before filing of the Motion to Dismiss (Doc. 38)); Doc. 38 at 2). The Court's March 10, 2020 order is therefore not a ground for Plaintiffs' Motion to Strike (Doc. 49).

Plaintiffs have established no ground for striking the Motion to Dismiss (Doc. 38). Accordingly, the Motion to Strike (Doc. 49) will be denied.

## V. CONCLUSION

Based on the foregoing,

**IT IS ORDERED** that Plaintiffs' Motion for a Temporary Restraining Order (Doc. 51) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Strike (Doc. 49) is **DENIED**.

Dated this 5th day of June, 2020.

James A. Teilborg
Senior United States District Judge