**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Nicholas Casavelli, et al.,

         Plaintiffs,

v.

Donna J Johanson, et al.,

         Defendants.

No. CV-20-00497-PHX-JAT

**ORDER**

       Pending before the Court are three motions to dismiss, (Doc. 38; Doc. 61; Doc. 63), and Plaintiffs' Motion for Leave to File 2nd Verified Amended Complaint (Doc. 68). Each motion is ripe. The Court now rules on the motions.[1]

**I.    BACKGROUND**

       In short, Plaintiffs claim that Defendants have conspired against them in a pending state court action in Maricopa County Superior Court. (Doc. 14). Defendants include the parties to that state court action, counsel, Maricopa County Superior Court judges, and a bank. (*Id.*). Plaintiffs' Amended Complaint (Doc. 14) asserts eight causes of action, includes 274 paragraphs of allegations that span fifty-nine pages, and cites to violations arising from over twenty sources of law, including the United States Constitution, the United States Code, and Arizona law. (Doc. 14). Since filing the Amended Complaint

---

[1] The Court finds that a hearing is unnecessary for any of the pending motions (Doc. 38; Doc. 61; Doc. 63; Doc. 68) as the issues have been fully briefed and oral argument would not have aided the Court's decisional process. *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998); *Lake at Las Vegas Inv'rs Grp. v. Pac. Dev. Malibu Corp.*, 933 F.2d 724, 729 (9th Cir. 1991); *Prison Legal News v. Ryan*, No. CV-15-02245-PHX-ROS, 2019 WL 1099882, at *1 n.1 (D. Ariz. Mar. 8, 2019).

(Doc. 14), Plaintiffs have sought leave to amend and attached a proposed amended complaint that addresses some of the asserted defects raised by the motions to dismiss. (Doc. 68). This proposed complaint includes about 500 paragraphs of allegations and 100 pages. (Doc. 68-1).

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires that a complaint include, among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This statement "need not contain detailed factual allegations; rather, it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Rule 8(a) "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although a court must accept all factual allegations at the pleading stage, courts may not accept legal conclusions couched as factual allegations. *Id.* at 678–79. As such, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are not sufficient to state a claim. *Id.* Indeed, the short and plain statement required by Rule 8(a) must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (alteration in original) (citation omitted).

Further, "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1); *see also* Fed. R. Civ. P. 10(b) ("A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances."). "Where a complaint contains the factual elements of a cause, but those elements are scattered throughout the complaint without any meaningful organization, the complaint does not set forth a 'short and plain statement of the claim' for purposes of Rule 8." *Chagolla v. Vullo*, No. CV-17-01811-PHX-SPL, 2018 WL 10602297, at *2 (D. Ariz. Mar. 30, 2018) (citing *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988)).

A complaint may be dismissed where it "fail[s] to state a claim upon which relief can be granted." *See* Fed. R. Civ. P. 12(b)(6). All facts are read in the light most favorable to the plaintiff. *See Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). Moreover, a pro se litigant's pleadings must be liberally construed. *See Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013). But the liberal construction owed to pro se pleadings is not a form of immunity from the Federal Rules of Civil Procedure, including federal pleading requirements. *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

When the complaint does not state a claim upon which relief can be granted, the next inquiry is whether amendment can cure the defect. *See Lacey v. Maricopa County*, 693 F.3d 896, 926 (9th Cir. 2012) (en banc); *see also* Fed. R. Civ. P. 15(a)(2) (providing that courts should "freely give leave [to amend] when justice so requires"). Rule 15(a)(2) establishes a "policy favoring liberal amendment." *Verizon Del., Inc. v. Covad Commc'ns Co.*, 377 F.3d 1081, 1091 (9th Cir. 2004). Nonetheless, leave to amend should be denied if amendment would be futile. *See Airs Aromatics, LLC v. Op. Victoria's Secret Stores Brand Mgmt., Inc.*, 744 F.3d 595, 600 (9th Cir. 2014).

## III.   ANALYSIS

The Amended Complaint includes eight causes of action. (Doc. 14). Defendants seek dismissal of all of them. (Doc. 38; Doc. 61; Doc. 63). As will be discussed, Plaintiffs' Amended Complaint (Doc. 14) fails to meet federal pleading standards as it constitutes an impermissible "shotgun pleading." Plaintiffs articulate a host of claims and present myriad allegations often without clearly indicating which of the Defendants did exactly what to harm them. *See Chagolla*, 2018 WL 10602297, at *2. Nevertheless, there are certain claims that the Court is able to specifically address. The Court will now take those claims in turn before pivoting to the global issues within the Amended Complaint (Doc. 14).

### a.   Count Three: Court-Created Danger

Plaintiffs assert claims against Defendants for "court-created danger" under 42 U.S.C. § 1983. (Doc. 14 at 39). The central allegation is that Defendant Flores, a Maricopa County Superior Court judge, held a hearing on March 11, 2020 in the underlying state

court action in the midst of the COVID-19 pandemic. (*Id.* at 39–40). Plaintiffs identify no constitutional or federal statutory right infringed as a result of holding a court hearing during a pandemic. The Court is aware of none either. While the Court will dismiss this claim, it will give Plaintiffs leave to amend.[2] However, Plaintiffs must establish a particular federal right—either constitutional or statutory—that was infringed by holding a hearing on March 11, 2020. *Paul v. Davis*, 424 U.S. 693, 700 (1976). A vague reference to due process or other constitutional rights will not do. *See id.* at 701 (asserting that there is no right under the Due Process Clause of the Fourteenth Amendment "to be free of injury wherever the State may be characterized as the tortfeasor"); (*cf.* Doc. 14 at 39 ("[T]he acts of Defendants, their employees and agents, have created a danger for Plaintiffs by exposing them to the deadly COVID-19 virus without adequate protection or just cause[] [w]ith the sole purpose to violate plaintiffs' civil rights.")). Plaintiffs' claims for court-created danger are dismissed without prejudice.

### b. Count Four: Document Fraud

Plaintiffs' fourth cause of action appears to center on what they call "document fraud." (Doc. 14 at 40). Plaintiffs cite a litany of sources underlying their right to relief for this cause of action. (*Id.*).

Plaintiffs assert that this alleged document fraud violates their constitutional rights, specifically the First, Fourth, and Fourteenth Amendments to the United States Constitution. Thus, Plaintiffs claim that Defendants violated 42 U.S.C. § 1983. Their constitutional claims and their claims under 42 U.S.C. § 1983 for document fraud are dismissed as Plaintiffs do not sufficiently establish factual allegations that show a plausible violation of the First, Fourth, or Fourteenth Amendments to the United States Constitution. Plaintiffs do not specifically explain how this alleged document fraud infringes on any of their federal constitutional or statutory rights. *Paul*, 424 U.S. at 700–01. If Plaintiffs choose to refile based on this cause of action, Plaintiffs must specifically allege how their federal constitutional or statutory rights were violated by alleged document fraud. If they fail to do

---

[2] The Court will address the judicial immunity claim asserted by Defendants Cohen and Flores below, *see infra* note 10.

so, their document fraud claims under 42 U.S.C. § 1983 will be subject to dismissal with prejudice.

Plaintiffs' claims under 18 U.S.C. § 241 fail as 18 U.S.C. § 241 provides no private right of action. *See Allen v. Gold Country Casino*, 464 F.3d 1044, 1048 (9th Cir. 2006). Indeed, Plaintiffs note they intended to omit any reference to 18 U.S.C. § 241. (Doc. 53 at 7). Their document fraud claims under 18 U.S.C. § 241 are dismissed with prejudice as a result.

Plaintiffs' claims under 42 U.S.C. § 1985 are not factually developed at all, which subjects them to dismissal as well. In fact, it is not even clear which subsection Plaintiffs invoke. Briefly, the Court notes that Plaintiffs have not stated a claim under any subsection of 42 U.S.C. § 1985. Plaintiffs have not stated a claim under subsection (1) as they have not alleged that they are federal officers or federal officeholders. *Whitehorn v. F.C.C.*, 235 F. Supp. 2d 1092, 1101 (D. Nev. 2002). Plaintiffs' document fraud claims fail under 42 U.S.C. § 1985(2) as well. Subsection (2) provides a cause of action under two scenarios. The first scenario is where a conspiracy "deter[s,] by force, intimidation, or threat[,] a party or witness in federal court." *See Bagley v. CMC Real Estate Corp.*, 923 F.2d 758, 763 (9th Cir. 1991) (citation omitted). Plaintiffs' allegations do not support such a claim here. The other scenario prohibited by 42 U.S.C. § 1985(2) occurs where a conspiracy, motivated by class-based animus, "obstruct[s] the due course of justice in any State or Territory with intent to deny equal protection." *See Bagley*, 923 F.2d at 763. There are no allegations of class-based animus here, so any claim under subsection (2) also fails. Finally, a plaintiff asserting a cause of action under 42 U.S.C. § 1985(3) must show a conspiracy, again motivated by class-based animus, to deprive the plaintiff of equal protection of the laws. *Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1536 (9th Cir. 1992). Plaintiffs do not state a claim under 42 U.S.C. § 1985(3) for document fraud as Plaintiffs did not allege any facts relating to class-based animus. Plaintiffs' document fraud claims under 42 U.S.C. § 1985 are dismissed, but the Court gives Plaintiffs leave to amend. Plaintiffs must specify which

subsection of 42 U.S.C. § 1985 they invoke. If they invoke subsections (2) or (3), they must sufficiently illustrate class-based animus based on well-pleaded factual allegations.

As for 8 U.S.C. § 1324c, that provision does deal with document fraud—in the immigration context. Plaintiffs have alleged no facts that the state court proceeding was an immigration proceeding or that it had anything to do with immigration. *See Puente Ariz. v. Arpaio*, No. CV-14-01356-PHX-DGC, 2016 WL 6873294, at *9 (D. Ariz. Nov. 22, 2016). And even if they could make that showing (or if that showing is unnecessary), 8 U.S.C. § 1324c provides for governmental investigation and enforcement, and there is no indication that Congress intended to create a private right of action. *Newman v. Caliber Home Loans, Inc.*, No. 16-CV-2053-JLS (NLS), 2018 WL 3361442, at *2 (S.D. Cal. July 10, 2018); *see also Alexander v. Sandoval*, 532 U.S. 275, 286–87 (2001) ("The judicial task is to interpret the statute Congress has passed to determine whether it displays an intent to create not just a private right but also a private remedy. . . . Without it, a cause of action does not exist and courts may not create one, no matter how desirable that might be as a policy matter, or how compatible with the statute." (citations omitted)); *Northstar Fin. Advisors, Inc. v. Schwab Invs.*, 615 F.3d 1106, 1115 (9th Cir. 2010) (stating that a party "seeking to establish a private right to enforce" a statute must "demonstrate that such a private right of action exists" (citation omitted)). Plaintiffs' claims under 8 U.S.C. § 1324c are dismissed with prejudice.

Plaintiffs' claims alleging document fraud are dismissed. Plaintiffs will be given the opportunity to amend by supporting their claims under 42 U.S.C. §§ 1983 and 1985. Their document fraud claims pursuant to 8 U.S.C. § 1324c and 18 U.S.C. § 241 are dismissed with prejudice as those statutes do not provide a private right of action.

### c.      Count Five: 28 U.S.C. § 1927

Plaintiffs assert claims under 28 U.S.C. § 1927. (Doc. 14 at 42). That provision does not establish a cause of action. *Flynn v. Liner Grode Stein Yankelevitz Sunshine Regenstreif & Taylor LLP*, No. 3:09-cv-422-PMP-RAM, 2010 WL 4339368, at *10 (D. Nev. Oct. 15, 2010) ("Section 1927 does not contain an explicit right of action. Moreover, § 1927's plain

text suggests Congress did not intend to imply a private right of action"); *see also Northstar Fin. Advisors, Inc.*, 615 F.3d at 1115 (stating burden of establishing a private right of action for violation of a statute is on the party seeking to enforce that right). Plaintiffs' fifth cause of action is therefore dismissed with prejudice.

### d.    Count Six: Release of Financial Records

Plaintiffs' sixth cause of action centers on claims relating to the alleged unlawful release of their financial records. (Doc. 14 at 43). They assert another slew of violations of various law. (*Id.*).

Plaintiffs' allegations regarding constitutional violations for release of their financial records under the Fourth and Fourteenth Amendments[3] do not state a claim. To state a claim under the Fourth Amendment, a plaintiff must show that the defendant violated the plaintiff's "reasonable expectation of privacy." *Price v. Turner*, 260 F.3d 1144, 1148 (9th Cir. 2001) (citations omitted); *see In re Grand Jury Proceedings*, 40 F.3d 959, 962 (9th Cir. 1994) (per curiam). "In general, an American depositor has no reasonable expectation of privacy in copies of his or her bank records, such as checks, deposit slips, and financial statements maintained by the bank." *In re Grand Jury Proceedings*, 40 F.3d at 962 (citing *United States v. Miller*, 425 U.S. 435, 442 (1976)). Release of Plaintiffs' financial records did not violate the Fourth Amendment as Plaintiffs have not sufficiently alleged that there was any violation of their reasonable expectation of privacy. In fact, a "depositor takes the risk, in revealing his affairs to another, that the information will be conveyed by that person" to another. *See id.* (quoting *Miller*, 425 U.S. at 443). Although the Court doubts Plaintiffs can cure by amendment, the Court finds amendment is not futile as there could be some hypothetical set of facts in which Plaintiffs retained a reasonable expectation of privacy in their financial records maintained at Defendant BBVA Bank. Moreover, it is also problematic that it is unclear that Plaintiffs will be able to establish state action for certain of the Defendants who are not governmental actors. *Brunette v.*

---

[3] The Court assumes, since no other federal constitutional right is mentioned under Plaintiffs' sixth cause of action, (Doc. 14 at 43–46), that Plaintiffs invoke the Fourteenth Amendment because it incorporates the Fourth Amendment's protections against the states. *Mapp v. Ohio*, 367 U.S. 643, 655 (1961).

*Humane Soc'y of Ventura Cty.*, 294 F.3d 1205, 1209 (9th Cir. 2002). Even so, Plaintiffs' claims under the Fourth and Fourteenth Amendments are dismissed with leave to amend.

Plaintiffs have not alleged a claim for release of financial records under 42 U.S.C. § 1985(3) as well. To prevail on a claim under § 1985(3), a plaintiff must show: "(1) the existence of a conspiracy to deprive the plaintiff of the equal protection of the laws; (2) an act in furtherance of the conspiracy and (3) a resulting injury." *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1141 (9th Cir. 2000) (citations omitted). Additionally, the plaintiff must show the conspiracy was "motivated by 'some racial, or perhaps otherwise-class based, invidiously discriminatory animus.'" *Sever*, 978 F.2d at 1536 (quoting *Griffith v. Breckenridge*, 403 U.S. 88, 102 (1971)). Plaintiffs have not identified any class-based animus. As such, Plaintiffs' § 1985(3) claims for release of financial records are dismissed. Nevertheless, the Court will give Plaintiffs leave to amend as the Court finds that amendment is not futile at this time.

28 U.S.C. §§ 1332 and 1343 are jurisdictional statutes that do not provide a private right of action. *See Montana-Dakota Util. Co. v. Nw. Pub. Serv. Co.*, 341 U.S. 246, 249 (1951). Thus, the release of financial records claims under those statutes are dismissed with prejudice.

Plaintiffs assert claims for release of financial records against Defendants under the Gramm-Leach-Bliley Act, 15 U.S.C. §§ 6801, 6802, 6803. The Gramm-Leach-Bliley Act does not create a private cause of action as there is no evidence of congressional intent to do so. *Newcomb v. Cambridge Home Loans, Inc.*, 861 F. Supp. 2d 1153, 1163 (D. Haw. 2012). Plaintiffs assert claims for release of their financial records under title 20, section 2121 of the Arizona Revised Statutes ("A.R.S.") as well. That provision authorizes the Arizona Department of Insurance to enforce the Gramm-Leach-Bliley Act. Ariz. Rev. Stat. Ann. § 20-2121. The text of the provision, therefore, clearly forecloses a private right of action. *Id.* § 20-2121(A) ("The department may enforce title V, subtitle A of the Gramm Leach Bliley act (15 United States Code §§ 6801 through 6809) related to privacy and protection of nonpublic personal information."). Plaintiffs' claims under 15 U.S.C.

§§ 6801, 6802, and 6803 as well as their claims under A.R.S. § 20-2121 are dismissed with prejudice as amendment would be futile.

Plaintiffs claim that Defendants violated the Right to Financial Privacy Act, 12 U.S.C. §§ 3403, 3417. However, these provisions only apply to release of financial records to the federal government. *See Easter v. Nev. State Bank*, 58 F. App'x 355, 355–56 (9th Cir. 2003). There are no allegations that any of the Defendants released any financial records to the federal government. Instead, Plaintiffs allege that Defendant BBVA Bank released financial records to Gary T. Johanson, Defendant Donna J. Johanson, Defendant Bryan Eastin, and Defendant Provident Law PLLC. (Doc. 14 at 43). Plaintiffs' claims for release of financial records under 12 U.S.C. §§ 3403 and 3417 are dismissed without prejudice though it is unlikely that Plaintiffs can cure by amendment given the allegations in the Amended Complaint (Doc. 14).

Finally, Plaintiffs have failed to state a claim under 42 U.S.C. § 1983 for release of their financial records. To prevail on a claim under 42 U.S.C. § 1983, Plaintiffs must allege a violation of a federal constitutional or statutory right by a state actor. *See Paul*, 424 U.S. at 700–01; *Ketchum v. County of Alameda*, 811 F.2d 1243, 1245 (9th Cir. 1987). However, the Court finds that it is possible that Plaintiffs may be able to identify a federal constitutional or statutory right that was infringed by the release of financial records, and thus, the Court dismisses the claims under 42 U.S.C. § 1983 without prejudice. Plaintiffs may replead a claim under 42 U.S.C. § 1983 for release of financial records, however they must, among other things, articulate a federal constitutional or statutory right that was infringed by the release of their financial records. They must also offer factual allegations detailing how each particular defendant engaged in state action. Failure to do so may result in dismissal, with prejudice, of any claim brought pursuant to 42 U.S.C. § 1983 for release of financial records.

Plaintiffs' claims for release of financial records against Defendants are dismissed. Their claims under 28 U.S.C. §§ 1332 and 1343; 15 U.S.C. §§ 6801, 6802, 6803; and A.R.S. § 20-2121 are dismissed with prejudice for the reasons already articulated.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

      **e.**       **Count Seven: Civil Racketeering**

      Plaintiffs assert claims of civil racketeering under A.R.S. § 13-2314.04. (Doc. 14 at 46). That section provides:

> A person who sustains reasonably foreseeable injury to his person, business or property by a pattern of racketeering activity, or by a violation of § 13-2312 involving a pattern of racketeering activity, may file an action in superior court for the recovery of up to treble damages and the costs of the suit, including reasonable attorney fees for trial and appellate representation.

Ariz. Rev. Stat. Ann. § 13-2314.04(A). To establish a claim of civil racketeering, a plaintiff must show a pattern of racketeering, which requires establishing at least two predicate acts of racketeering that are "related" and "continuous." *Lifeflite Med. Air Transp., Inc. v. Native Am. Air Servs., Inc.*, 7 P.3d 158, 161 ¶ 12 (Ariz. Ct. App. 2000); *id.* ("It is this factor of *continuity plus relationship* which combines to produce a pattern." (quoting *H.J. Inc. v. Nw. Bell Tel. Co*., 492 U.S. 229, 239 (1989))); *see also* Ariz. Rev. Stat. Ann. § 12-2314.04(T)(3) (defining "pattern of racketeering activity"). The plaintiff must also show an injury that was proximately caused by the pattern of racketeering. *Rosier v. First Fin. Capital Corp.*, 889 P.2d 11, 15 (Ariz. Ct. App. 1994).

      Plaintiffs have levied a bevy of allegations of wrongdoing in support of their claims of racketeering against Defendant Bryan Eastin. Plaintiffs also mention some of the other Defendants—including Defendant Donna Johanson, Defendant Garpdon LLC, and Defendant Johanson Family Revocable Trust—but do not clearly articulate how these Defendants' actions contributed to racketeering, and thus, any civil racketeering claim alleged against each of them is dismissed. (*See* Doc. 14 at 53).

      The allegations relating to civil racketeering center on Defendant Bryan Eastin's actions. The overarching theme of Plaintiffs' allegations is that Defendant Bryan Eastin allegedly preys on his clients by engaging in prolonged, vexatious litigation, which allegedly affects Plaintiffs in the form of increased litigation costs. (*See* Doc. 14 at 52 ("Knowing that litigation would be expensive and knowing he would be oppositional on every issue, solely to expand the litigation to increase the attorney's fees [Defendant Bryan

Eastin] is charging his client and stop at no action to cause the opponent as much expense as possible." [sic throughout])). Plaintiffs allege Defendant Bryan Eastin engaged in several acts of document forgery.[4] (*See* Doc. 14 at 47–52).

To plead a pattern of racketeering activity, a plaintiff must establish the defendant committed at least two predicate acts. Consequently, "[t]he plaintiff must adequately plead the elements of each predicate act, satisfying the pleading standard that would apply if the predicate act were a stand-alone claim." *Nutrition Distribution LLC v. Custom Nutraceuticals LLC*, 194 F. Supp. 3d 952, 957 (D. Ariz. 2016) (citing *Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988)); *see Franzi v. Koedyker*, 758 P.2d 1303, 1308–09 (Ariz. Ct. App. 1985). The essence of Plaintiffs' civil racketeering claim against Defendant Bryan Eastin is that he allegedly "forges documents, submits them in frivolous litigations causing the opponent in the litigation substantial litigation costs" and that he has engaged in "fraudulent schemes and artifices to promote vexatious litigation and extreme litigation to justify the extortionate legal fees he charges." (Doc. 14 at 51–52). Both of these alleged predicate acts are subject to the heightened pleading standards of Federal Rule of Civil Procedure 9(b), which applies to allegations of fraud. *Wescott v. SC Anderson, Inc.*, No. 17-CV-05676-LB, 2018 WL 5849012, at *3 (N.D. Cal. Nov. 6, 2018); *In re Nat'l W. Life Ins. Deferred Annuities Litig.*, 467 F. Supp. 2d 1071, 1082 (S.D. Cal. 2006); *Ness v. W. Sec. Life Ins.*, 851 P.2d 122, 128 (Ariz. Ct. App. 1992) ("[A] 'scheme or artifice' is some 'plan, device, or trick' to perpetrate a fraud." (citation omitted)). Rule 9(b) requires a party to "state with particularity the circumstances constituting fraud," which means "the who, what, when, where, and how of the misconduct charged." *Ebeid ex rel. United States v. Lungwitz*, 616 F.3d 993, 998 (9th Cir. 2010) (citation omitted).

---

[4] Plaintiffs also allege that Defendant Bryan Eastin "firebombed" their home. (Doc. 14 at 51). Arson is not a predicate offense for purposes of a civil racketeering claim as it is not listed under the definition of "racketeering" under A.R.S. § 13-2314.04(T)(3) (incorporating A.R.S. § 13-2301(D)(4) (listing predicate acts)). *See Franzi v. Koedyker*, 758 P.2d 1303, 1308 (Ariz. Ct. App. 1985). Nor do Plaintiffs connect arson to any listed predicate act such that the alleged act of arson could be considered the vehicle used to commit a listed predicate act. *See id.* at 1308–09. Therefore, the Court will not consider the allegations of arson in determining whether Defendant Bryan Eastin or any of the other Defendants engaged in civil racketeering.

1       Plaintiffs have not alleged a pattern of racketeering as they have not sufficiently

2   alleged that Defendant Bryan Eastin engaged in two or more predicate acts. Plaintiffs'

3   allegations as to whether Defendant Bryan Eastin committed acts of forgery and a scheme

4   and artifice to defraud are conclusory, confusing, incoherent, and vague. They do not

5   satisfy the pleading standards of either Rule 8(a) or Rule 9(b). The Court struggled to even

6   identify the predicate acts that serve as the basis of Plaintiffs' civil racketeering claim.[5] The

7   Court is not required to "waste[] half a day in chambers preparing the 'short and plain

8   statement' which Rule 8 obligated [P]laintiffs to submit." *McHenry v. Renne*, 84 F.3d 1172,

9   1180 (9th Cir. 1996). The claim against Defendant Bryan Eastin for civil racketeering will

10  be dismissed for this reason alone as the Court cannot be tasked with the duty of stating

11  Plaintiffs' claims for them.

12      However, even if the Court assumes Plaintiffs sufficiently alleged a pattern of

13  racketeering activity, Plaintiffs have failed to sufficiently allege that they suffered injury

14  that was proximately caused by any pattern of racketeering activity. Plaintiffs have merely

15  articulated conclusory allegations that they "are the . . . victims in [Defendant Bryan

16  Eastin's] series of litigations to inflate cost[s]" and, as a result, they "have sustained loss

17  to their real property and to their personal property and to their private property." (Doc. 14

18  at 51). Plaintiffs have failed to specifically detail what injury arose from the alleged pattern

19  of racketeering activity. *See Hannosh v. Segal*, 328 P.3d 1049, 1055 ¶ 21 (Ariz. Ct. App.

20  2014) (affirming dismissal because plaintiff failed to allege an injury to business, property,

21  or person); *see also Osgood v. Main Street Mktg., LLC*, No. 16CV2415-GPC(BGS), 2017

22  WL 131829, at *8 (S.D. Cal. Jan. 13, 2017); *Royston v. Waychoff*, No. 1 CA-CV 19-0340,

23  2020 WL 4529621, at *1–2 ¶¶ 2, 7 (Ariz. Ct. App. Aug. 6, 2020) (affirming dismissal of

24

25  [5] Plaintiffs appear to be confused as to what they must allege to state a civil racketeering claim. The pattern of racketeering must be supported by two or more related predicate acts

26  (such as two acts of forgery)—they do not need to allege at least two offenses listed under A.R.S. § 13-2301(D)(4). *See* Ariz. Rev. Stat. Ann. § 13-2002(A) (forgery); *id.* § 13-

27  2310(A) (fraudulent schemes and artifices). Plaintiffs will be granted leave to amend, and if they choose to raise a civil racketeering claim again, they must clearly articulate which

28  predicate acts the defendant engaged in and then allege how that act constitutes an offense listed under A.R.S. § 13-2301(D)(4).

"fraud-based racketeering" claim as plaintiff "failed to sufficiently allege that she suffered personal harm as a result of the claimed fraud"). While it may be true that the underlying state court litigation itself may have cost Plaintiffs expense, there is no indication in their Amended Complaint (Doc. 14) that they have suffered any specific injury—such as a particular amount of litigation costs—as a result of Defendant Bryan Eastin's alleged predicate acts. *Rosier*, 889 P.2d at 15. Plaintiffs' racketeering claim against Defendant Bryan Eastin fails for this reason as well.[6]

Plaintiffs have not stated a claim against any of the Defendants for civil racketeering under A.R.S. § 13-2314.04. However, the Court will give Plaintiffs leave to amend as it finds, at this time, that Plaintiffs' civil racketeering claims are not futile. Should Plaintiffs decide to include a civil racketeering claim pursuant to A.R.S. § 13-2314.04, they must clearly allege an injury proximately caused by a pattern of racketeering activity that was committed for financial gain.

### f.   Count Eight: Common Law Fraud[7]

Plaintiffs allege common law fraud under Arizona law. (Doc. 14 at 53–54).[8] As noted, a party alleging allegations of fraud must "state with particularity the circumstances

---

[6] The allegations supporting Plaintiffs' civil racketeering claims are inundated with character attacks and undeveloped suspicion that Defendant Bryan Eastin is engaged in misconduct in other litigation—that Plaintiffs are not parties to—in which he is overbilling his clients. (*See* Doc. 14 at 51–52). Plaintiffs have not clearly articulated how any of these allegations illustrate any form of injury *towards Plaintiffs* and are therefore irrelevant to their claims. *See Rosier*, 889 P.2d at 15; *see also Royston*, 2020 WL 4529621, at *2 ¶ 7 (noting that allegations that plaintiff's insurer was damaged were not sufficient to show injury to support a "fraud-based racketeering" claim as plaintiff "failed to sufficiently allege that she suffered personal harm as a result of the claimed fraud"). Consequently, the Court does not consider them in evaluating the motions to dismiss (Doc. 38; Doc. 61; Doc. 63).

[7] Plaintiffs appear to have mistakenly referred to this cause of action as their seventh cause of action as their fraud cause of action is Plaintiffs' eighth listed cause of action. (Doc. 14 at 46 (listing "Civil Racketeering" as the seventh cause of action); *id.* at 53 (listing "Common Law Fraud" as the seventh cause of action)).

[8] While Plaintiffs include references to consumer fraud and fraud upon the court in the Amended Complaint, (Doc. 14 at 53), they have since claimed that they did not raise claims of consumer fraud or fraud upon the court. (Doc. 53 at 10). To the extent such claims were raised in the Amended Complaint (Doc. 14), they are dismissed as they do not conform with the pleadings requirements of Rule 9(b).

constituting fraud." Fed. R. Civ. P. 9(b). The "circumstances" are "the who, what, when, where, and how of the misconduct charged." *Ebeid*, 616 F.3d at 998 (citation omitted).

Plaintiffs' specific allegations regarding common law fraud only relate to Defendant Bryan Eastin. Fraud claims must be pleaded with particularity under Rule 9(b). Plaintiffs did not include specific allegations relating to fraud against any of the other Defendants in this case. *See Swartz v. KPMG LLP*, 476 F.3d 756, 764–65 (9th Cir. 2007). Plaintiffs' fraud claims against each of the Defendants besides Defendant Bryan Eastin are dismissed, without prejudice, for this reason.

Plaintiffs have also failed to properly plead their common law fraud claim against Defendant Bryan Eastin. Plaintiffs allege that Defendant Bryan Eastin falsely represented that "he obtained financial records legally through subpoenas," which caused them to incur "[d]amaged credit, loss of banking relationship, loss of reputation, loss of credit, loss of $200,000.00 plus, litigation and investigative cost." (Doc. 14 at 53–54). To satisfy Rule 9(b)'s pleading requirements for fraud, "[t]he plaintiff must set forth what is false or misleading about a statement, and why it is false." *Peterson v. Time Ins.*, 562 F. App'x 566, 566 (9th Cir. 2014) (quoting *Vess v. Ciba-Geigy Corp.*, 317 F.3d 1097, 1106 (9th Cir. 2003)). Plaintiffs do not clearly explain what date the allegedly false representation was made, whom it was made to, the means by which it was made, or any specific statement made that constituted a false representation and what made such a representation false. *See id.* (affirming district court's dismissal of fraud claim with prejudice as plaintiff "failed to allege any specific false statements made by [defendant]" (citations omitted)); *Sousa v. Quality Loan Servicing Corp.*, No. CV 12-00334-PHX-FJM, 2012 WL 13019145, at *2 (D. Ariz. Apr. 24, 2012); *see also Gayford v. Flagstar Bank FSB*, No. CV-14-01492-PHX-ROS, 2015 WL 11120687, at *2 (D. Ariz. Feb. 3, 2015) (holding allegations did not establish plausible claim that statements were false). Plaintiffs' common law fraud claim against Defendant Bryan Eastin is dismissed as it is not pleaded with the particularity required under Rule 9(b).

1    Plaintiffs' fraud claims are not pleaded with particularity. The Court dismisses each

2    of Plaintiffs' fraud claims raised in the eighth cause of action without prejudice as the Court

3    finds, at this time, that amendment would not be futile.

4         **g.**     **Lack of Conformity with Federal Pleading Standards**

5         The Amended Complaint (Doc. 14), as a whole, does not satisfy federal pleading

6    standards.[9] As noted, Plaintiffs articulate eight causes of action and assert violations of

7    over twenty sources of law against ten defendants.[10] (Doc. 14).

8         Plaintiffs' Amended Complaint (Doc. 14) is what has become known as a "shotgun

9    pleading." The key characteristic of a shotgun pleading is that it "fail[s] to one degree or

10   another, and in one way or another, to give the defendants adequate notice of the claims

11   against them and the grounds upon which each claim rests," which renders them disfavored

12   and usually subject to dismissal. *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d

13   1313, 1323 (11th Cir. 2015). A complaint is a shotgun pleading where it has at least one of

14   the following characteristics: (1) it "contain[s] multiple counts where each count adopts

---

15   [9] Counts one and two were particularly difficult to follow and were overwhelmingly

16   supported by conclusory allegations. (Doc. 14 at 32–39). Specifically, it was not clear that each of the Defendants engaged in state action, which is required to state a claim for the

17   federal and state constitutional violations that Plaintiffs cited in support of the claims asserted in the first and second causes of action (save for article 2, section 1 of the Arizona

18   Constitution, which does not appear to create any right that a plaintiff can sue to vindicate). *See United States v. Morrison*, 529 U.S. 598, 621 (2000) ("[T]he Fourteenth Amendment,

19   by its very terms, prohibits only state action."); *Roberts v. AT&T Mobility LLC*, 877 F.3d 833, 837–38 (9th Cir. 2017); *Simmons v. Superior Court*, 318 F.3d 1156, 1161 (9th Cir.

20   2003); *State Farm Fire & Cas. Co. v. Powers ex rel. Fleming*, 786 P.2d 1064, 1067 (Ariz. Ct. App. 1989) (Ariz. Const. art. 2, § 13); *Dimond v. Samaritan Health Serv.*, 558 P.2d

21   710, 712 (Ariz. Ct. App. 1976) (Ariz. Const. art. 2, § 4). The Court does, however, dismiss the claims under 18 U.S.C. § 241 under the second cause of action as that provision does

22   not create any cause of action. *Allen*, 464 F.3d at 1048. The Court also dismisses the claims in the second cause of action under 28 U.S.C. § 1343 for "conspiracy," with prejudice,

23   (Doc. 14 at 34), as that provision is a jurisdictional statute that does not create any cause of action either. *See Taylor v. Kolbaba*, 909 F.2d 1489 (9th Cir. 1990) (unpublished table

24   decision). In sum, the claims articulated under the first and second causes of action are dismissed.

25   [10] Though Plaintiffs did not connect a violation of article 2, section 8 of the Arizona

26   Constitution to any specific cause of action, they did allege that Defendants violated it. (Doc. 14 at 1, 5–7). However, a claim for violation of article 2, section 8 of the Arizona

27   Constitution requires that the defendant engaged in state action. *Hart v. Seven Resorts Inc.*, 947 P.2d 846, 851–52 (Ariz. Ct. App. 1997). As noted, *supra* note 9, it is not clear—based

28   on Plaintiffs' allegations—that each of the Defendants engaged in state action. Any claim for violation of article 2, section 8 of the Arizona Constitution is therefore dismissed. Dismissal is without prejudice as the Court finds that amendment is not futile.

the allegations of all preceding counts," (2) it is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action," (3) it "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions[] or which of the defendants the claim is brought against." *See id.* at 1321–23. Plaintiffs' Amended Complaint (Doc. 14) suffers from all three defects.

Overall, it was extremely difficult to identify which of the Defendants did what and how Plaintiffs were injured as a result, let alone what legally cognizable theory of relief Plaintiffs are articulating.[11] *See Chagolla*, 2018 WL 10602297, at *2. Regardless of the specific issues the Court has already identified with certain claims, the Amended Complaint (Doc. 14) fails as an incoherent shotgun pleading. Plaintiffs' motion for leave to file a second amended complaint (Doc. 68) will be denied as the proposed complaint (Doc. 68-1) suffers from the same comprehensive flaws as the Amended Complaint (Doc. 14).

Nevertheless, the Court finds that amendment would not be futile (except as to the claims the Court dismissed with prejudice, *supra*). Plaintiffs may therefore file an amended complaint within thirty days of the date that this Order is filed.[12]

---

[11] Because it is so unclear which claims Plaintiffs assert against which of the Defendants, the Court will not dismiss all the state law claims against Defendants Cohen and Flores for failure to comply with A.R.S. § 12-821.01(A). Nevertheless, should Plaintiffs decide to allege state law claims against Defendants Cohen and Flores, they should endeavor to ensure that the claims are not barred by A.R.S. § 12-821.01. Claims that are barred by A.R.S. § 12-821.01 will be subject to dismissal with prejudice. *See Martinez v. Maricopa County*, No. CV053512PHX-JAT, 2006 WL 2850332, at *2–5 (D. Ariz. Oct. 4, 2006).

[12] The Court briefly notes that it appears Defendants Cohen and Flores, the two defendants who are Maricopa County Superior Court judges, are correct that they have judicial immunity against any claim for damages, at least based on the allegations in the Amended Complaint (Doc. 14). (*See* Doc. 63 at 5–7). Plaintiffs allege no acts taken by Defendants Cohen or Flores that were not judicial in nature nor did Plaintiffs allege that any act was "taken in the complete absence of all jurisdiction" as the Maricopa County Superior Court is a court of general jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991) (per curiam); *Miller v. Davis*, 521 F.3d 1142, 1145–48 (9th Cir. 2008) (affirming district court's finding of judicial immunity for governor who performed judicial act—despite the fact that governor had no jurisdiction—because act was not done in the "clear absence of all jurisdiction"); *Marvin Johnson P.C. v. Myers*, 907 P.2d 67, 69 (Ariz. 1995); *see also* Ariz. Const., art. 6, § 14 (listing jurisdiction of Arizona superior courts). Any injunctive relief is apparently now moot as Defendants Cohen and Flores are no longer presiding over Plaintiffs' case. (Doc. 61-1 at 2); *see Wallis v. Mock*, 68 F. App'x 120, 121 (9th Cir. 2003);

In doing so, Plaintiffs must correct the issues with specific claims identified in this Order. Plaintiffs must also ensure they do not craft another shotgun pleading. Therefore, Plaintiffs must articulate the exact legal theory of relief for each cause of action they are asserting by explaining: (1) the law or constitutional right Plaintiffs believe was violated; (2) the name of the party who violated that law or right; (3) exactly what that party did or failed to do; (4) how that action or inaction is connected to the violation of the law or any constitutional right; and (5) the exact injury Plaintiffs suffered as a result of that conduct. Plaintiffs must repeat this process for each theory underlying every specific cause of action. Vague and conclusory allegations that a defendant or group of defendants has violated some law or some constitutional right are unacceptable. Plaintiffs' claims will be subject to dismissal with prejudice if they fail to follow these instructions. *See* Fed. R. Civ. P. 8(a), (d)(1); *id.* 12(b)(6); *id.* 41(b); *cf. McHenry*, 84 F.3d at 1178–79 (noting dismissal of case with prejudice under Rule 41(b) may be appropriate where plaintiff files an amended complaint that does not conform with federal pleading standards after court's granting of leave to amend).

The Court cautions Plaintiffs that "leave to amend is not an invitation to amend." *ThermoLife Int'l LLC v. Am. Fitness Wholesalers LLC*, No. CV-18-04189-PHX-JAT, 2020 WL 122874, at *7 (D. Ariz. Jan. 10, 2020). By signing and filing a complaint, Plaintiffs certify that each claim contained within the complaint is not frivolous and thus subject themselves to the possibility of sanctions should the Court find that a claim is frivolous. Fed. R. Civ. P. 11(a)–(c); *accord* 28 U.S.C. § 1927; *see, e.g.*, *supra* note 10.

---

*Ellison v. Kirkegard*, No. CV16123BLGDLCCSO, 2016 WL 6459563, at *1 (D. Mont. Oct. 31, 2016). And declaratory relief is seemingly unavailable as it appears that all of Plaintiffs' allegations against Defendants Cohen and Flores relate to rulings or decisions the judges made in the underlying state court action, which likely renders any form of declaratory relief against them akin to deciding "a forbidden de facto appeal." *See Noel v. Hall*, 341 F.3d 1148, 1156–58 (9th Cir. 2003); *Doe & Assocs. Law Offices v. Napolitano*, 252 F.3d 1026, 1029–30 (9th Cir. 2001). Nevertheless, because Plaintiffs' allegations were so unclear and because the Court is giving Plaintiffs leave to file an amended complaint, the Court will not terminate Defendants Cohen and Flores from this action at this time.

1  **IV.    CONCLUSION**

2      Plaintiffs' Amended Complaint (Doc. 14), as a whole, was deficient under the

3  pleading standards set by the Federal Rules of Civil Procedure. Each claim asserted in the

4  Amended Complaint (Doc. 14) is dismissed. The following claims are dismissed with

5  prejudice as they do not provide a legally cognizable claim for relief: (1) the claims for

6  document fraud under 8 U.S.C. § 1324c and 18 U.S.C. § 241, (2) the claims under

7  28 U.S.C. § 1927,  (3) the claims for release of financial records under 15 U.S.C. §§ 6801,

8  6802, 6803; 28 U.S.C. §§ 1332, 1343; and A.R.S. § 20-2121, and (4) the claims for

9  "conspiracy" under 18 U.S.C. § 241 and 28 U.S.C. § 1343 (under the second cause of

10  action). Plaintiffs may not raise any of those claims in any amended complaint.

11      Based on the foregoing,

12      **IT IS ORDERED** that the motions to dismiss (Doc. 38; Doc. 61; Doc. 63) are

13  **GRANTED**.

14      **IT IS FURTHER ORDERED** that Plaintiffs' Motion for Leave to File 2nd

15  Verified Amended Complaint (Doc. 68) is **DENIED**. However, the Court gives Plaintiffs

16  leave to amend as specified above. Plaintiffs may file an amended complaint within thirty

17  (30) days of the date of this Order. If Plaintiffs do not file their amended complaint within

18  thirty (30) days of this Order, then the Clerk of Court will dismiss the case with prejudice

19  and enter judgment accordingly. If Plaintiffs choose to file an amended complaint, they

20  "must attach a copy of the amended pleading that indicates in what respect it differs from

21  the pleading which it amends, by bracketing or striking through the text that was deleted

22  and underlining the text that was added." LRCiv 15.1(b).

23      **IT IS FURTHER ORDERED** that the deadline to respond to Plaintiffs' Motion

24  for Leave to File 2nd Verified Amended Complaint (Doc. 68) set in the Court's order dated

25  June 23, 2020, (Doc. 74), is **VACATED** as a result of the Court's rulings in this Order.

26      **IT IS FURTHER ORDERED**, given that an amended complaint supersedes an

27  original complaint, *see Ramirez v. County of San Bernardino*, 806 F.3d 1002, 1008 (9th

28  Cir. 2015), that each defendant named in the amended complaint shall file an answer—or

other responsive pleading, if still timely—within fourteen (14) days from the date Plaintiffs file an amended complaint should Plaintiffs decide to do so. Fed. R. Civ. P. 15(a)(3). Any defendant not re-named in the amended complaint shall be deemed to be dismissed.

Dated this 14th day of August, 2020.

James A. Teilborg
Senior United States District Judge