

Christopher J. Charles, SBN 023148
Bryan L. Eastin, SBN 021062
14646 N. Kierland Boulevard, Suite 230
Scottsdale, AZ 85254
Telephone: (480) 388-3343
Facsimile: (602) 753-1270
For E-Service and Court Use Only: docket@providentlawyers.com
*Attorneys for Defendants Donna J. Johanson; Estate of Gary T. Johanson; Garpdon, LLC; Johanson Family Revocable Trust (5/26/2006); Bryan L. Eastin and Margaret Eastin; and Provident Law, PLLC*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nicholas Casavelli; Nicolina Castelli, <br><br> Plaintiffs, <br><br> vs. <br><br> Donna J. Johanson; Estate of Gary T. Johanson; Garpdon, L.L.C., an Arizona limited liability company; Johanson Family Revocable Trust (5/26/2006); Bryan L. Eastin and Margaret Eastin, husband and wife; Provident Law, PLLC; Bruce R. Cohen, an Arizona Superior Court Judge; Lisa Daniel Flores, Arizona Superior Court Judge; BBVA USA, a financial institution, <br><br> Defendants. | Case No. 2:20-cv-00497-PHX-JAT <br><br> **DEFENDANTS' RULE 54 MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS** <br><br> (Assigned to the Hon. James A. Teilborg) |

Defendants Donna J. Johanson ("Ms. Johanson"); the Estate of Gary T. Johanson; Garpdon, L.L.C.; Johanson Family Revocable Trust (5/26/2006) (the "Trust"); Bryan L. Eastin ("Mr. Eastin"); Margaret Eastin; and Provident Law, PLLC ("Provident") (collectively the "Moving Defendants"), by and through their undersigned counsel requests an award of

reasonable attorneys' fees per Rule 54(d)(2), FED.R.CIV.P., LRCiv 54.2, 42 U.S.C. § 1988, the Court's inherent authority, and Rule 11, FED.R.CIV.P. against Plaintiffs Nicholas Casavelli and Nicolina Castelli (aka Nicolina Casavelli) (the "Plaintiffs"). Moving Defendants seeks the sum of $71,706.50 for Moving Defendants' actual attorneys' fees paid and/or incurred concerning Plaintiffs' claims against the Moving Defendants. Those sums, and the attached task-based entries, are set forth in the Declaration of Bryan L. Eastin, Esq., filed separately and incorporated herein. This Application is supported by the attached Separate Statement of Counsel per LRCiv 54.2, the following Memorandum of Points and Authorities, the Exhibits attached hereto, and all Pleadings and Motions filed in this case.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. PROCEDURAL HISTORY

Plaintiffs filed their Complaint in this action on March 9, 2020 (DKT #1), asserting claims under 42.U.S.C. 1983 and the 1st, 5th and 14th Amendments, seeking injunctive and declaratory relief, compensatory damages of $459,200.00 and $3,000,000.00 in punitive damages (for "pain and suffering" and "mental anguish"). Before they served their Complaint, the Court *sua sponte* denied their requests for injunctive relief.

On April 9, 2020, the Plaintiffs filed an *Amended Complaint* (DKT #14) asserting claims under the 1st 4th, 5th, 9th and 14th Amendments, 42 U.S.C. § 1983, 42 U.S.C. § 1985, 18 U.S.C. § 241, 15 U.S.C. §§ 6801, 6802, 6803, 12 U.S.C. §§ 3403, 3417, 8 U.S.C. § 1324(c), A.R.S. § 13-2314 for civil racketeering, A.R.S. § 20-2121, Common Law Fraud, and claims under the Arizona Constitution Article 2. This Amended Complaint was 59 pages long, with 274 numbered paragraphs alleging a barrage of claims against the Moving Defendants as well as against a bank and two sitting Maricopa County Superior Court judges, and seeking compensatory damages, punitive damages, declaratory relief, and re-urging their request for injunctive relief.

Thereafter, the Moving Defendants filed a *Motion to Dismiss* (DKT #38). The BBVA Bank filed its own *Motion to Dismiss* (DKT #61) and the judges filed their separate *Motion to Dismiss* (DKT #63). While the three Motions to Dismiss were pending, the Plaintiffs filed their *Motion For )Leave to File 2nd Verified Amended Complaint* (DKT #68).

The Court granted these Motions to Dismiss deeming approximately half of the claims dismissed with prejudice and allowing Plaintiffs to attempt to cure the remaining deficient claims. In the same ruling, the Court denied Plaintiffs' Motion For Leave To File 2nd Verified Amended Complaint because it suffered from the same deficiencies as the First Amended Complaint (DKT #75). The Court dismissed with prejudice Plaintiffs' claims under 8 U.S.C. § 1324c and 18 U.S.C. § 241, claims under 28 U.S.C. § 1927, claims under 15 U.S.C. §§ 6801, 6802, 6803, claims under 28 U.S.C. §§ 1332, 1343, claims under A.R.S. § 20-2121, and claims for "conspiracy" under 18 U.S.C. § 241 and 28 U.S.C. § 1343. On the remaining claims, the Court specifically cautioned Plaintiffs that "leave to amend was not an invitation to amend" and that when fling Plaintiffs are certifying their claims are not frivolous and thus "subject themselves to the possibility of sanctions should the Court find that a claim is frivolous." (DKT #75, p. 17, lines 16-20)

Plaintiffs did not heed the Court's admonitions and proceeded to file their *"(Amended Complaint) Verified Civil Rights Complaint"* (hereinafter "Third Amended Complaint") (DKT #76). In doing so, they erred procedurally because they did not show what sections were being stricken and which were being added. They then re-filed their Third Amended Complaint on September 15, 2020. (DKT #82). In their Third Amended Complaint, Plaintiffs brought claims under the 1st, 4th, 5th, 9th, and 14th Amendments, 42 U.S.C. § 1983, 42 U.S.C. § 1985, 42 U.S.C. § 1988, 18 U.S.C. §§ 19161-68, 5 U.S.C. § 552a, and A.R.S. § 13-2314.04. They expanded their causes of action to thirty (30) separate claims against Moving Defendants, two judges (one judge was dropped and another added), BBVA Compass Bank, and for the first time adding claims against their former counsel (Gregory Hinkel). Their third

Amended Complaint was ninety-nine (99) pages long, with forty-eight (48) numbered paragraphs and many unnumbered paragraphs, some of which ran for more than a page in length violating Rule 8(d)(1) and 10(b), FED.R.CIV.P.  Plaintiffs sought $399,863.15 in compensatory damages (for alleged injury and suffering), punitive damages of $7,000,000.00, treble damages, medical expenses, lost wages, and attorney's fees.

On September 28, 2020, Moving Defendants filed their Motion To Dismiss Plaintiffs' 3rd Amended Complaint (hereinafter "Second Motion To Dismiss") (DKT #86).  Compass BBVA Bank followed suit filing "Defendant BBVA, USA's Motion To Dismiss on September 30, 2020 (hereinafter "BBVA's Second Motion to Dismiss") (DKT #90).  The two judges filed their second Motion to Dismiss on October 30, 2020 (DKT #101)

On December 23, 2020, the Court entered its Order granting all three Motions to Dismiss in their entirety, ruling that Plaintiffs claims, each and every, were dismissed with prejudice.  (DKT #123).  The Court Clerk entered Judgement on December 23, 2020 (DKT #124).  In sum, Moving Defendants prevailed <u>on all counts levied against them</u>,

**II.   LEGAL ANALYSIS**

    **A. Moving Defendants Are Entitled To Attorneys' Fees and Costs Under 42 U.S.C. § 1988**

In their First Amended Complaint, Plaintiffs levied claims against Moving Defendants under 42 U.S.C. § 1983 in their First through Fourth, and Sixth Cause of Action (which incorporated claims for violations of the 1st, 4th and 14th Amendments) and brought claims under 42. U.S.C. § 1985 in their Second, Fourth and Sixth Cause of Action.

In their Third Amended Complaint, Plaintiffs levied claims against Moving Defendants under 42. U.S.C. § 1983 in their First through Twenty-Sixth and Twenty-Ninth Cause of Action (which incorporated claims for violations of the 1st, 4th and 14th Amendments) and sought claims under 42 U.S.C. § 1985 in their Twenty-Fifth, Twenty-Sixth and Twenty-Eighth Cause of Action

42 U.S.C. § 1988(b) states in pertinent part as follows: "In any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 of this title, … the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs..."

**Moving Defendants Were The Prevailing Parties** - A prevailing party is one who succeeds on "…any significant issue in litigation which achieve some of the benefit the parties sought…" *Texas State Teachers Ass'n v. Garland Independent School Dist.* 489 U.S. 782, 788 (1989). See also, *Buckhannon Bd. And Care Home, Inc. v. West Virginia Dept. of Health and Human Resources*, 532 U.S. 598 (2001) ("A 'prevailing ' party is one who has been awarded some relief by a court…judgments on the merits…create a material alteration of the parties' legal relationship and thus permit an award."). Rule 41(b), F.R.C.P. provides that "Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule – except one for lack of jurisdiction, improper venue, or failure to a joint a party under Rule 19 – operates as an adjudication on the merits.

**Plaintiffs' Claims Were Unreasonable, Frivolous and/or Meritless** - In this case, the Moving Defendants prevailed against the Plaintiffs on every claim they brought in Plaintiffs' Complaint and in each of their three amended Complaints. As such they are prevailing Defendants and entitled to seek an award of attorney's fees under 42 U.S.C. §1988(b) if the litigation brought by the Plaintiffs is unreasonable, frivolous, or meritless. *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978).[1] See also, *Galen v. City of Los Angeles*, 477 F.3d 652, 666 (9th Cir. 2007) (stating a defendant may recover attorney's fees "…if the plaintiff violates this standard at any point during the litigation…"). This standard does NOT require a subjective or objective bad faith component. Id.

---

[1] Although *Christiansburg* involved Title VII of the Civil Rights Act of 1964, the applicable provision is virtually identical to 1988(b),; the Supreme Court has applied the *Christiansburg* standard to cases in which a defendant seeks fees under 1988(b). See *Hensley v. Eckerhart*, 461 U.S.4 424, 429 n. 2 (1983); *Thorpe v. Ancell*, 367 Fed. Appx. 914, 919 n. 9 (10th Cir. 2010 (unpublished).

Here, the Plaintiffs claims under §§1983 and 1985 against Moving Defendants[2] reek of unreasonableness, frivolity, baseless claims and vexatious conduct. Plaintiffs were clearly seeking to interfere with a pending Superior Court Case impermissibly, including attempting to disqualify various judges because the Plaintiffs disagreed with their rulings, and alleging a vast conspiracy between the judges and the Defendants in this matter. They also impermissibly sought to use the within case as a *de facto* appeal of rulings they disagreed with in the Superior Court.

Plaintiffs brought multiple claims for which they lacked standing (DKT #75)[3], and nearly all of their claims for alleged violations under Sections 1983 and 1985 (and the 1st, 4th, and 14th Amendments) required Moving Defendants to be state actors, which they patently were not, meaning each and every one of those claims was dead out of the gate. Prior to bringing each Motion to Dismiss, Moving Defendants conferred with Plaintiffs explaining the problems with Plaintiffs' claims, especially those dealing with the state actor component. Yet, Plaintiffs refused to withdraw or amend their claims. *See* **Exhibit 1**, email string dated 9-25-20. Thus, Plaintiffs claims were subjectively and objectively brought in bad faith.

Additionally, Plaintiffs' claims often conflicted with their own stated facts. For instance, they claimed a lack of redress with the Court, but their 3rd Amended Complaint pleaded allegations showing they were accessing both the Maricopa County Superior Court and the District Court for Arizona. They also claimed violations of free speech, but their allegations showed they had ample opportunity to be heard and were only cut off by Judge

---

[2] See First Amended Complaint (DKT, #14, causes of action 1-4, 6) and Third Amended Complaint (DKT. 82, causes of action 1-24, 26, 29, 30)

[3] Plaintiffs lacked standing for their claims under 8 U.S.C. § 1324c and 18 U.S.C. § 241 (no private right of action for either), claims under 28 U.S.C. § 1927 (no cause of action provided for in this statute), claims under 15 U.S.C. §§ 6801, 6802, 6803 (no private cause of action provided), claims under 28 U.S.C. §§ 1332, 1343 (no private cause of action), claims under A.R.S. § 20-2121 (no private cause of action), and claims for "conspiracy" under 18 U.S.C. § 241 and 28 U.S.C. § 1343 (no cause of action provided for in either statute) in the First Amended Complaint. They lacked standing under 5 U.S.C. 552a in their Third Amended Complaint because there is no private right of action against private entities.

Duncan when they became argumentative and repeatedly interrupted her. Thus, they knew their claims were frivolous and baseless, yet brought them anyway.

Moving Defendants need only show that Plaintiffs' actions were frivolous, unreasonable or meritless.[4] This is easily shown in the above paragraphs, but are additionally supported by this Court's *sua sponte* denial of their injunctive relief claims, dismissal of their First Amended Complaint (DKT #14) with approximately half of its claims being dismissed with prejudice, dismissal of their Second Amended Complaint (for suffering the same deficiencies as the First Amended Complaint), complete dismissal with prejudice of their Third Amended Complaint, and Plaintiffs claiming to be a protected class merely because they were Italian (and without any supporting authority).

42 U.S.C. Chapter 21, subchapter 1contemplates actions against a government entity by an individual for civil rights violations. Section 1988's fee-shifting mechanism is tilted towards Plaintiffs to ensure "effective access to the judicial process" for persons with legitimate civil rights grievances. HR Rep. No. 94-1558, p. 1 (1976). It was NEVER meant to be used as it was here by Plaintiffs to sue private individuals who clearly were not operating under ANY governmental badge. Nor was § 1988 meant to be used as a blunt weapon, as it was here, to further the Plaintiffs' financial raping and pillaging of elderly private citizens like the Johansons by forcing them to engage legal counsel to defend against Plaintiffs' baseless claims. The within litigation by the Plaintiffs is merely an extension of the vexatious conduct engaged in by them against the Johansons. Moving Defendants encourage this Court to take judicial notice of the Johansons' *Motion To Deem Defendants Nick Casavelli and Nicolina Castelli Vexatious Litigants* filed in Maricopa County Superior Court Case #CV2017-055490, attached as **Exhibit 2**, which sets out in more detail the outrageous conduct exhibited by Mr. Casavelli and Ms. Castelli towards the Johansons.

---

[4] The bad faith component is not required and is only argued here to show the egregiousness of Plaintiffs' conduct.

Moving Defendants appreciate the wisdom, expertise and candor the Court exercised in dismissing this case with prejudice. However, Moving Defendants assert that justice and fairness are not served unless and until this Court also awards Moving Defendants' attorneys' fees and costs incurred herein.

**Moving Defendants Attorneys' Fees Were Reasonable** - *Johnson Highway Express, Inc.*, 488 F. 2d 714 (5th Cir. 1974).identifies 12 factors to be considered in calculating a reasonable attorney's fee:

1. the time and labor required;
2. the novelty and difficulty of the question
3. the skill required to perform the legal services properly;
4. the preclusion of other employment by the attorney due to acceptance of the case;
5. the customary fee;
6. whether the fee is fixed or contingent;
7. time limitations imposed by the client or the circumstances;
8. the amount involved and the results obtained;
9. the experience, reputation, and ability of the attorney;
10. the "undesirability" of the case;
11. the nature and length of the professional relationship with the client; and
12. awards in similar cases.

1. **Time and labor required**

This case was heavily litigated for ten (10) months necessitating extensive briefing on two separate rounds of Motions to Dismiss. Additionally, Plaintiffs filed several motions requiring responses while the dismissal motions were being considered. All in all, a substantial amount of the Moving Defendants' resources and their counsel were devoted to prevailing in this matter. A complete description of the work done by Moving Defendants' attorneys is reflected in the exhibits attached to the Declaration of Bryan L. Eastin. *See* **Exhibit 3**. The entries reflect—among other things—time spent in document review, drafting communications with the opposing party, pleadings and motions, legal research regarding

various claims alleged (under the U.S. Constitution, the United States Code, the Arizona Constitution, the Arizona Revised States, and common law), and the two rounds of dismissal motions.

Moving Defendants and their counsel carefully reviewed all billing entries and removed any and all time entries that are not recoverable per this motion.

The Plaintiffs should be required to pay for all of this time, since it was all necessitated by Plaintiffs' frivolous claims as set forth in the various iterations of their Complaint.

The invoices to Ms. Johanson, personally and on behalf of the Estate of Gary Johanson, the Johanson Trust and Garpdon, LLC reflect what was actually charged in this matter and will be or already have been paid. Those time entries support the fact that only work which was absolutely necessary to conclude this case finally and successfully was performed. The work performed produced a successful result.

**2. Novelty and difficulty of questions presented**

Moving Defendants successfully defended against Plaintiffs' Complaint and three Amended Complaints across up to thirty (30) unique causes of action asserting U.S. and Arizona Constitutional claims, and asserting claims under the U.S. Code and Arizona Revised Statutes. In short, the sheer number of issues presented in this case justifies the fees incurred by the Moving Defendants.

**3. The skill requisite to perform the legal service properly**

This case involved a complex factual situation, hundreds of pages of pleadings and exhibits to the pleadings, and multiple parties and issues. In order to prosecute multiple claims, and to present those claims before this Court, it was necessary for Moving Defendants to retain counsel with significant experience in multiple areas of the law.

**4. The preclusion of other employment by counsel because of the acceptance of this action**



Moving Defendants' Counsel expended significant time and resources of the firm since its inception in March 2020. Indeed, a significant percentage of the firm's resources were devoted to this matter since March 2020 and the firm and Mr. Eastin declined other paying work to provide the necessary attention to this matter.

**5. The customary fee charged in matters of this type**

According to the agreement with Provident Law®, the Moving Defendants were billed attorneys' fees on an hourly basis. As noted above, the hourly rate for each of the working attorneys and staff differed depending upon level of experience, education, and level of involvement. The accompanying Declaration of Bryan L. Eastin attests to the fact that the hourly rates charged were fair and reasonable given the education, experience and involvement of the individual attorneys and staff.

**6. Whether the fee contracted between the attorneys and the client is fixed or contingent**

The factor is not applicable to the instant case. Moving Defendants agreed to and did pay Provident Law® a discounted hourly rate. *See* Exhibit "A" to the Declaration of Bryan L. Eastin.

**7. Any time limitations imposed by the client or the circumstances**

This case needed to be swiftly responded to with two separate rounds of Motions to Dismiss which were due prior to the deadline for filing an Answer. Thus, if Moving Defendants could not resolve this case via dispositive motions, then the Moving Defendants would have had to file an Answer, engage in significant discovery and motion practice that would have taken substantially more time and cost Moving Defendants even greater fees.

**8. The amount of money, or the value of the rights involved and the results obtained**

As noted in the Procedural History section above, this case involved claims by Plaintiffs for over seven million dollars. In light of the foregoing, Moving Defendants successful defense and the fees incurred for same were certainly reasonable under the circumstances.

### 9. The experience, reputation and ability of counsel

As set forth in the accompanying Declaration of Bryan L. Eastin, the principal attorney involved, Mr. Eastin has significant experience in the area of litigation, real estate, probate and bankruptcy. Further, all of the other attorneys and staff who were involved in the case have experience, reputation and ability to commensurate with their hourly rate.

### 10. The "undesirability" of the case

This factor is not applicable to the instant case.

### 11. The nature and length of the professional relationship between attorney and the client

Mr. Eastin has served as counsel for Mr. and Mrs. Johanson and their related Trust and entities since 2015. He has unique knowledge and understanding of their legal issues that served to reduce the overall amount of time needed to respond to the Plaintiffs' Complaint and amended versions of their Complaint.

### 12. Awards in similar actions

Based upon his experience in civil litigation, Mr. Eastin attests that the fee award being sought in this case is comparable to awards in other similar cases.

### 13. Any other matters deemed appropriate under the circumstances

In determining the amount of attorneys' fees to be awarded, the prevailing party is entitled to recover its reasonable fees from every item of service which, at the time rendered, would have been undertaken by a reasonable and prudent lawyer to advance or protect his/her client's interest. *Twin Cities Sport Serv., Inc. v. Charles O. Finley & Co., Inc.*, 676 F.2d 1291, 1313 (9th Cir.), 459 U.S. 1009, 103 S.Ct. 364 (1982); *Schweiger*, 138 Ariz. at 188, 673 P.2d at 932. The factors to be considered are the quality of the lawyers involved, the character of the work that had to be accomplished, the work actually performed by the attorneys and the result obtained. *Schweiger*, 138 Ariz. at 187, 673 P.2d at 933.

In considering the amount and propriety of fees, it is proper for this Court to include paralegal time in the award of attorneys' fees. *State of Arizona v. Maricopa County Medical Soc'y*, 578 F. Supp. 1262 (D. Ariz. 1984). It is also proper for the Court to consider computerized research charges as part of an award of attorneys' fees. Computerized research is similar to expenses for paraprofessional support staff. *Matter of Liquidation of Azstar Cas. Co. Inc.*, 189 Ariz. 27, 28, 938 P.2d 76, 77 (Ct. App. 1996), citing *Aries v. Palmer Johnson, Inc.,* 153 Ariz. 250, 261, 735 P.2d 1373, 1384 (Ct. App. 1987), and *Continental Townhouses East v. Brockbank,* 152 Ariz. 537, 543, 733 P.2d 1120, 1126 (Ct. App. 1986) (holding "computerized research charges may be recovered by the successful party as an element of an award of attorneys' fees under A.R.S. § 12-341.01(A)"). In the forgoing cases, it was concluded that work performed by paralegals or legal assistants could be recovered as part of an award of attorneys' fees.

Also imported to the determination of reasonableness is the degree of success obtained. *Farrar v. Hobby*, 506, U.S. 103, 06 (1992) (quoting *Hensley v. Eckerhart*, 461 U.S. 424 (1983)). Here the success by Moving Defendants was absolute. Plaintiffs sought over $7,000,000.00 in damages and obtained nothing.

### B. Moving Defendants Are Entitled To An Award of Attorneys' Fees Under The Court's Inherent Powers

It is "unquestionably" within the Court's powers to allow attorney's fees when an opponent has acted in bad faith, vexatiously, wantonly, or for oppressive reasons. *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 41 U.S. 240, 258-59 (1975). These inherent powers remain even where a statute or rule provides a basis for sanctioning a party's conduct so that the Court retains "the ability to fashion an appropriate sanction for conduct which abuses the judicial process.". *Chambers v. NASCO, Inc*., 501 U.S. 32, 44-45 (1991).

"…sanctions imposed under the district court's inherent authority require a bad faith finding." *Braunstein v. Arizona Dept. of Transp*., 683 F.3d 1177, 1189 (9th Cir. 2012). "This

includes a variety of types of willful actions, including recklessness when combined with an additional factor such as frivolousness, harassment, or an improper purpose." Id. One permissible sanction is to order that a party that has acted in "bad faith" must "reimburse legal fees and costs incurred by the other side" "because of the misconduct at issue." *Goodyear Tire & Rubber Co. v. Haeger*, __ U.S. ___, 137 S. Ct. 1178, 1186 (2017). The Court may take into account its overall sense of the suit. Id. And, the Court has "broad discretion to calculate fee awards." Id at 1184.

As argued under Section II(A) above, Plaintiffs did act in bad faith in bringing the various iterations of their Complaint because they lacked standing, lacked factual predicates, asserted they were part of a protected class when they were not, alleged Moving Defendants were state actors when they clearly were not, and more. Without doubt, Plaintiffs acted in bad faith.

Moving Defendants are not attempting to double-dip on their attorneys' fees and costs. But to the extent needed, Moving Defendants are arguing that if the Court does not find a sufficient or complete basis for awarding their attorneys' fees and costs under 42 U.S.C. § 1988, then the Court has the additional power under its inherent authority to supplement any award under 42 U.S.C. 1988 to make Moving Defendants whole.

### C. Moving Defendants Are Entitled To Their Costs

"Unless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." Rule 54(d)(1), F.R.C.P. Defendants requests an award, jointly and severally, against Plaintiffs for the costs incurred in defending against Plaintiffs' suit. A Statement of Costs is contemporaneously filed with the court. All of the costs set forth in the Statement of Costs are taxable costs and are reimbursable and should be included in the final Judgment. Therefore, the total amount of $36.00 as taxable costs should also be included in the final Judgment.

### D. Moving Defendants Are Entitled To Their Attorneys' Fees As A Sanction Under Rule 11, FED.R.CIV.P.

Moving Defendants assert that Plaintiffs actions in bringing this matter, especially when viewed together with their actions in the Superior Court Case, are sanctionable. Moving Defendants respectfully request the Court, on its initiative under Rule 11(c)(3), FED.R.CIV.P. order the Plaintiffs to show cause why their conduct described herein and the Court's two orders dismissing their complaints has not violated Rule 11(b), FED.R.CIV.P.

### III. CONCLUSION

Since all claims against the Defendants were patently baseless, and since the Defendants were the prevailing parties under 42 U.S.C. § 1988, reasonable fees should be awarded in favor of the Moving Defendants, against the Plaintiffs jointly and severally, in the total amount of $71,706.50 representing more than 189.10 hours of work. Taxable costs should be awarded against the Plaintiffs jointly and severally per the separately filed Statement of Costs. Alternatively, Moving Defendants are entitled to an award of attorneys' fees and costs against the Plaintiffs under the Court's inherent powers or under Rule 11

A proposed form of Order has been filed contemporaneously lodged with this Motion.

RESPECTFULLY SUBMITTED this 6th of January 2021.

**PROVIDENT LAW®**

/s/ Bryan L. Eastin
Christopher J. Charles
Bryan L. Eastin
14646 N. Kierland Boulevard, Suite 230
Scottsdale, AZ 85254
*Attorneys for Defendants Donna J. Johanson;
Estate of Gary T. Johanson; Garpdon, LLC;
Johanson Family Revocable Trust (5/26/2006);
Bryan L. Eastin and Margaret Eastin; and
Provident Law, PLLC*

# CERTIFICATE OF SERVICE

I hereby certify that on January 6, 2021, I electronically transmitted the above document to the Clerk of the United States District Court for the District of Arizona's Office, using the CM/ECF system for filing, and I contemporaneously delivered a copy of the same via First Class Mail and/or Electronic Mail to the following:

Nick Casavelli
10124 W. Ironwood Drive
Sun City, Arizona 85351
madcatmedia1@gmail.com
*Plaintiff Pro Per*

Nicolina Castelli
10124 W. Ironwood Drive
Sun City, Arizona 85351
madcatmedia1@gmail.com
*Plaintiff Pro Per*

Gregory J. Marshall
Bradley R. Pollock
Snell & Wilmer, L.L.P
One Arizona Center
400 E. Van Buren
Phoenix, AZ 85004-2202
gmarshall@swlaw.com
bpollock@swlaw.com
*Attorneys for Defendant BBVA USA,*
*an Alabama corporation*

/   /   /

/   /   /

/   /   /

1  Mark Brnovich, Attorney General
2  Connie T. Gould, Assistant Attorney General
   2005 N. Central Avenue
3  Phoenix, AZ 85004-1592
4  Defensephx@azag.gov
   Connie.Gould@azag.gov
5  *Attorneys for Defendants Lisa Daniel Flores
   and Sally Schneider Duncan*
6
7  /s/ Mary Richardson

8  /s/ Ann Washington

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26